```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/31/11
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
                              :
FELIX PINIERO,                :     05 Civ. 2559 (WHP)
                              :
              Petitioner,     :     MEMORANDUM & ORDER
                              :
     -against-                :
                              :
JAMES CONWAY,                 :
                              :
              Respondent.     :
                              :
------------------------------X

WILLIAM H. PAULEY III, District Judge:

       Petitioner Felix Piniero ("Piniero") seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction for depraved indifference murder in New York Supreme Court. On December 13, 2010, Magistrate Judge Ellis issued a report and recommendation (the "Report") recommending that Piniero's petition be denied. On January 10, 2011, Piniero filed objections to the Report. For the following reasons, this Court concludes that Piniero's objections are without merit and adopts Magistrate Judge Ellis's thorough and well-reasoned Report in full.

## BACKGROUND[1]

       On October 23, 1999, an altercation ensued inside a Bronx convenience store between Piniero and Israel Irrizary ("Irrizary"). (Report at 1-2.) During the altercation, "Irrizary placed Piniero in a choke hold, dragged him out of the store, and slammed him into a nearby

---

[1] This Court recites the underlying facts "in the light most favorable to the prosecution." Langston v. Smith, 630 F.3d 310, 314 (2d Cir. 2011).

gate." (Report at 1-2.) After freeing himself from Irrizary's hold, Piniero struck Irrizary in the face with a Snapple bottle. (Report at 2.) Irrizary then fell to the ground and made no effort to get up. (Respondent's Mem. of Law dated Dec. 2005 ("Memo") at 6.)

While Irrizary was prone on the ground, Piniero and his acquaintance, Jody Parella ("Parella"), kicked Irrizary in the head and side several times. (Report at 2; Memo at 6.) In a videotaped statement, Piniero described kicking Irrizary "like you kick a football or basketball." (Report at 18.) Piniero also stated that Irrizary was "so intoxicated that he did not know what he was doing." (Memo at 7.) At some point during the altercation, Piniero retrieved a knife from his car and stabbed Irrizary once in the chest. (Report at 2.)

The medical evidence at trial established that Irrizary died from a ruptured vertebral artery caused by blows to the vertebrae. (Report at 2.) The stab wound did not contribute to Irrizary's death. (Report at 2.) On July 19, 2001, Piniero was convicted by a jury of depraved indifference murder. (Report at 2, 4.)

DISCUSSION

I. Legal Standard

A court may "grant habeas relief only if 'the adjudication of the claim . . . (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" Henry v. Ricks, 578 F.3d 134, 137 (2d Cir. 2009) (quoting 28 U.S.C. § 2254(d)). "[J]udges must be highly deferential to the jury's verdict of

conviction," viewing "the evidence in the light most favorable to the prosecution." Langston v. Smith, 630 F.3d 310, 314 (2d Cir. 2011). "A habeas petitioner is entitled to habeas corpus relief [only] if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." Henry, 578 F.3d at 137. A "petitioner bears a very heavy burden in convincing a federal habeas court to grant a petition on the grounds of insufficiency of the evidence." Fama v. Comm'r of Corr. Servs., 235 F.3d 804, 811 (2d Cir. 2000).

In considering "the sufficiency of the evidence of a state conviction, a federal court must look to state law to determine the elements of the crime." Fama, 235 F.3d at 811 (quotations and alterations omitted). At the time of Piniero's conviction,[2] to prove depraved indifference murder, the prosecution was required to demonstrate "that [Piniero] under circumstances evincing a depraved indifference to human life recklessly engaged in conduct which created a grave risk of death to another person, and thereby caused the death of another person." People v. Register, 60 N.Y.2d 270, 274 (N.Y. 1983) (quoting N.Y. Penal Law § 125.25) (alterations omitted). This required a showing that Piniero's "act was imminently dangerous and presented a very high risk of death to others and that it was committed under circumstances which evidenced a wanton indifference to human life or a depravity of mind." Register, 60 N.Y.2d at 274; People v. Sanchez, 98 N.Y.2d 373, 378-84 (N.Y. 2002).

---

[2] While New York law on depraved indifference murder changed significantly in 2006, see Fernandez v. Smith, 558 F. Supp. 2d 480, 494-97 (S.D.N.Y. 2008), Piniero does not challenge Magistrate Judge Ellis's conclusion that Piniero's conviction should be evaluated under Register and Sanchez, cited infra.

II. <u>Analysis</u>

Piniero argues that the Report fails to account for the differences between Piniero's conduct and the conduct undergirding controlling decisions on depraved indifference murder. More specifically, Piniero contends that no jury could have found that his conduct, while appalling, created a grave risk of death evidencing his wanton disregard for human life. This Court disagrees.

Piniero struck Irrizary in the face with a bottle and then kicked him in the head several times while he lay on the ground defenseless and intoxicated. Piniero discharged these blows with enough force to "kick a football" and did so while Parella was also kicking Irrizary in the head. And although Piniero's stabbing did not cause Irrizary's death, it may have contributed to his incapacity. Under these circumstances, a rational trier of fact could conclude that Piniero's conduct "evinc[ed] a depraved indifference to human life" and "created a grave risk of death" that ultimately "caused [Irrizary's] death . . . . " <u>Register</u>, 60 N.Y.2d at 274; <u>Henry</u>, 578 F.3d at 137. That controlling case law involved conduct that is arguably more brutal does not preclude this conclusion.

## CONCLUSION

For the foregoing reasons, this Court adopts the report and recommendation of Magistrate Judge Ellis in its entirety. Petitioner Felix Piniero's petition for a writ of habeas corpus is denied. Because Piniero has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not be issued. 28 U.S.C. § 2253(c). In addition, this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438 (1962). The Clerk of the Court is directed to terminate all pending motions and mark this case as closed.

Dated: March 31, 2011
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

*Copies mailed to:*

Mitchell J. Briskey, Esq.
The Legal Aid Society
199 Water Street, 3rd Floor
New York, NY 10038
*Counsel for Petitioner*

Leilani J. Rodriguez, Esq.
Rafael A. Curbelo, Esq.
Bronx District Attorney Office
198 East 161st Street
Bronx, NY 10451
*Counsel for Respondent*